SO ORDERED.

SIGNED this 12th day of June, 2013.



*Catharine R Aron*
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **Jonathan Bernard Nance and** ) | |
| **Marasha Lee Nance,** ) | Case No. 07-81057 |
| ) | |
| Debtors. ) | |
| ) | |
| _____ ) | |

### MEMORANDUM OPINION AND ORDER DENYING DEBTORS' MOTION TO REDEEM WITH AMERICREDIT REGARDING A 2005 CHEVROLET TAHOE

THIS MATTER came before the Court on May 2, 2013 in Durham, North Carolina upon Debtors' Motion to Redeem with AmeriCredit regarding a 2005 Chevrolet Tahoe. Koury Hicks appeared as attorney for Jonathan Bernard Nance and Marasha Lee Nance, Christopher White appeared on behalf of AmeriCredit Financial Services, Inc., and Robert E. Price, Jr., appeared as staff attorney for the Office of the Bankruptcy Administrator. After considering the motion, arguments of counsel, and evidence on record, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

**JURISDICTION**

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334 and Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina. This is a core proceeding under 28 U.S.C. § 157(b)(2) which this Court may hear and determine.

**FACTS**

On September 26, 2005, Jonathan Bernard Nance and Marasha Lee Nance entered into a retail installment sale contract ("Contract") with Rick Hendrick Chevrolet-Durham to purchase a 2005 Chevrolet Tahoe for $33,401.67. The Contract provides for a total financing obligation of $40,479.03 with an interest rate of 11.75% payable over 6 years at $789.96 per month beginning November 10, 2005.

The Debtors filed a chapter 13 petition on July 27, 2007 ("Petition Date"). AmeriCredit Financial Services, Inc.[1] ("AmeriCredit") filed a proof of claim on August 16, 2007 in the amount of $33,396.95. The chapter 13 plan was confirmed on October 16, 2007 ("Chapter 13 Plan"). In the Chapter 13 Plan, AmeriCredit was allowed a secured claim of $33,396.95 payable at $747.76 per month at 9.5% interest. The Plan stated that AmeriCredit shall retain its lien on the Tahoe "until the earlier of the payment of the underlying debts determined under nonbankruptcy law or the Debtor's discharge pursuant to 11 U.S.C. § 1328." During the life of the Chapter 13 Plan, AmeriCredit was paid $33,224.28 by the Chapter 13 Trustee. On February 2, 2013, the Debtors filed a notice of voluntary conversion to chapter 7. At the time of conversion the NADA retail value of the Tahoe was $11,650.00 with ninety percent of the

---

[1] In the Contract, Rick Hendrick Chevrolet-Durham's interest was assigned to JP Morgan Chase Bank, N.A. In the proof of claim, AmeriCredit, stated that it was the authorized agent for the claim.

NADA retail value being $10,485.00. Subsequently, on March 28, 2013, the Debtors filed a Motion to Redeem with AmeriCredit regarding the Tahoe ("Motion").

Debtors contend as follows: (1) that pursuant to 11 U.S.C. § 722, the Debtors may redeem the Tahoe by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien in full at the time of the redemption; (2) that $20,992.40, ninety percent of the NADA retail value on the Petition Date, is the allowed secured claim; (3) that the monies paid to AmeriCredit during the Chapter 13 Plan exceed the amount of the allowed secured claim as determined under 11 U.S.C. § 506; (4) that AmeriCredit is entitled to an allowed secured claim of $0.00 and; (5) the Debtors should be permitted to redeem the Tahoe for $0.00.

AmeriCredit contends that the Debtors may not redeem the Tahoe for $0.00 but are required to pay the lesser of ninety percent of the NADA retail value of the vehicle at the time of conversion or $4,509.64, the balance due under the Contract as determined under nonbankruptcy law.

## ANALYSIS

The Court must determine the amount of the allowed secured claim that the Debtors must pay to redeem the Tahoe under 11 U.S.C. § 722 and determine if that analysis is any different in a case that converts from a chapter 13 to a 7. To reach the answer to this question, the Court must analyze various sections of the Bankruptcy Code. The starting point is the redemption statute, 11 U.S.C. § 722. In a chapter 7 case, an individual debtor may redeem a vehicle intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt by paying the holder of such lien the amount of the *allowed secured claim* of such holder that is secured by such lien in full at the time of the redemption. 11 U.S.C. § 722 (emphasis

3

added).  The term "allowed secured claim" is defined in 11 U.S.C. § 506, which governs the valuation of the vehicle and determination of the allowed secured claim for redemption purposes in the chapter 7.  Section 506(a)(2) of the Bankruptcy Code provides:

> If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing.  With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11 U.S.C. § 506(a)(2).  Section 506(a)(2) requires the valuation of personal property to be determined based on the replacement value of the property on the petition date.  *In re Mayland*, 2006 WL 1476927, at *2 (Bankr. M.D.N.C., May 26, 2006).  Interpreting the replacement value language in section 506(a)(2), this Court has held that a chapter 7 debtor who seeks to redeem a vehicle under section 722 shall utilize ninety percent of the NADA retail value as the creditor's allowed secured claim, unless the debtor is prepared to offer evidence of a different value.  *In re Griffin*, 2013 WL 781141 (Bankr. M.D.N.C., Mar. 1, 2013).   Therefore, in order to redeem a vehicle in a chapter 7 case pursuant to section 722, at the time of redemption, the debtor must pay ninety percent of the NADA retail value, which is the creditor's allowed secured claim, to the creditor.  Likewise, when a debtor seeks to redeem a vehicle in a chapter 7 case that converted from a chapter 13 case, the same analysis applies.  The Court is not permitted to use the valuation determined during the chapter 13 case.  11 U.S.C. § 348(f)(1)(B).  *See In re Airhart*, 473 B.R. 178, 179 (Bankr. S.D. Tex., 2012) (stating that the court is not bound by the value assigned to personal property in a chapter 13 once the debtor converts to a chapter 7 and seeks to redeem that property).  In essence, the debtor is in the same position regarding the value

of the allowed secured claim as if the debtor had initially filed a chapter 7 case instead of filing a chapter 13 case and later converting to a chapter 7 case.

Applying the customary valuation standard to this case, ninety percent of the NADA retail value of the Tahoe on the Petition Date was $20,992.40. AmeriCredit contends that ninety percent of the NADA retail value on the date of conversion, $10,485.00, must be used as the value of the Tahoe for purposes of determining the amount of its allowed secured claim. However, AmeriCredit's contention would misread the clear language of section 506, which states that the "allowed secured claim shall be determined based on the replacement value of such property as of the date of the filing of the petition." 11 U.S.C. § 506(a)(2). The Court finds that $20,992.40 is the proper value to use in determining the amount of the allowed secured claim for redemption purposes.

Debtors' counsel asks this Court to find that in as much as the Debtors have already paid an amount in excess of $20,992.40 that the Debtors be permitted to redeem the vehicle for $0.00 as the allowed secured claim has been paid in full. However, the new provisions of 11 U.S.C. § 348 under BAPCPA mandate that AmeriCredit prevails in that the allowed secured claim may not be reduced pursuant to payments made in the chapter 13 case and the lien is not extinguished. Section 348(f) provides:

> valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan; and
>
> …
>
> with respect to cases converted from chapter 13 – the claim of any creditor holding security as of the date of the filing of the petition shall continue to be secured by that security unless the full amount of such claim determined under applicable nonbankruptcy law has been paid in full as of the date of conversion,

> notwithstanding any valuation or determination of the amount of an allowed secured claim made for the purposes of the case under chapter 13

11 U.S.C. § 348(f)(1)(B), (f)(1)(C)(i).  *See* 11 U.S.C. § 1325(a)(5)(B)(i)(II) (stating if the debtor converts without completion of the chapter 13 plan, the lien of the creditor shall be retained to extent recognized by applicable nonbankruptcy law).  The Chapter 13 Plan clearly recognized the impact of this new provision as the Chapter 13 Plan stated that AmeriCredit "shall retain its lien … until the earlier of the payment of the underlying debts determined under nonbankruptcy law *OR* the Debtors' discharge pursuant to 11 U.S.C. § 1328." (emphasis added).  *See* 11 U.S.C. § 1325(a)(5)(B)(i)(I).  The allowed secured claim in a chapter 13 case is not reduced unless the debtor receives a chapter 13 discharge.  If the debtor dismisses or converts to a chapter 7 case, then the creditor is entitled to be paid pursuant to nonbankruptcy law.  While this may seem at first glance to be highly unfair, the debtor is in the same position as if he had filed a chapter 7 case.[2]

In this instance, AmeriCredit was owed a principal sum of $33,396.95 at the contractual interest rate of 11.75% on the Petition Date.  During the Chapter 13 Plan, the Debtors paid a total of $33,224.28 in principal and $8,598.90 in interest.  The value of the Tahoe for purposes of determining the amount of the allowed secured claim is $20,992.50, which represents ninety percent of the NADA retail value as of the Petition Date.  The remaining balance owed to AmeriCredit under the Contract pursuant to nonbankruptcy law is $4,509.64[3].  At the time of conversion, the Debtors had not paid AmeriCredit the full amount of the claim pursuant to nonbankruptcy law.  *See In re Lewis*, 2010 WL 2025773 (Bankr. N.D. Ga. Mar. 12, 2010)

---

[2] In some cases, where the value of the vehicle is less than the balance of the debt, redemption may be more beneficial to the debtor.

[3] The Court amortized the amount due to AmeriCredit as of the Petition Date over sixty months using both the contract interest rate and Chapter 13 Plan interest rate and calculated the difference.

(finding that although the debtors paid the amount of the claim as required by the confirmed plan, the debtors did not pay the contractual interest rate and as such did not pay the full amount of claim as determined under applicable nonbankruptcy law, so the balance of the claim continues to be secured by the lien on the vehicle). It does not matter that the Debtors only had $172.00 remaining on the allowed claim listed in the Chapter 13 Plan. Pursuant to 11 U.S.C. § 722, to redeem the Tahoe, at the time of redemption, the Debtors must pay AmeriCredit the lesser of (1) the value of the Tahoe as of the petition date which is $20,992.50 or (2) the amount remaining due to AmeriCredit pursuant to applicable nonbankruptcy law. As such, to redeem the Tahoe, the Debtors must pay $4,509.64 to AmeriCredit.[4]

## **CONCLUSION**

Based upon the foregoing, the Debtors must pay $4,509.64 to redeem the Tahoe and cannot redeem it for $0.00. It is therefore ORDERED that the Debtors' Motion is DENIED.

END OF DOCUMENT

---

[4] The Court recognizes that the Debtors simultaneously filed a Motion to Redeem with Chase Auto Finance regarding a 2005 Ford F-150 seeking to redeem the vehicle for $0.00. Chase Auto Finance did not object to the Debtors' motion, and on May 15, 2013, this Court entered an order granting the redemption for $0.00. The Court will not reconsider or modify that order.

# SERVICE LIST

Jonathan B. Nance
Marasha L. Nance
Debtors

Koury Hicks
Attorney for Debtor

Christopher White
Attorney for AmeriCredit

John A. Northen
Trustee

Robert E. Price, Jr.
Staff Attorney for BA

AMERI CREDIT
Attn: Managing Agent
P O Box 183593
Arlington , TX 76096-3593